IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00155-BNB

RACHEL PYNE,
      Plaintiff,

v.

RNLI,
      Defendant.

F I L E D
UNITED STAT~ ~~~ ~~~~~~ COURT
DEN~~

FEB 1 2 2010

GREGOR~ ~. ~~~~GHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Rachel Pyne, initiated this action by filing *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Complaint. In an order filed on January 25, 2010, Ms. Pyne was ordered to cure certain deficiencies regarding the documents she had submitted. In response to the court's January 25 order, Ms. Pyne has filed on February 10, 2010, two versions of an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, neither of which is signed, and two versions of an amended complaint. The original Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 was signed and will be granted. The amended motions will be denied as moot.

The court must construe the amended complaints liberally because Ms. Pyne is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Pyne will be ordered to file a second amended complaint.

The court has reviewed the amended complaints filed by Ms. Pyne.  One of the amended complaints (doc. #6) is entirely blank with the exception of the parties listed in the caption and will not be considered further.  The other amended complaint (doc. #7) is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Pyne fails to set forth a short and plain statement of the grounds for the court's jurisdiction.  In other words, Ms. Pyne fails to identify the statutory authority that allows the court to consider the claims she is asserting in this action.

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Ms. Pyne also fails to provide a short and plain statement of her claims showing that she is entitled to relief.  In order to state a claim in federal court, Ms. Pyne "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Ms. Pyne fails to specify the relief she is seeking in this action.

For these reasons, Ms. Pyne will be ordered to file a second amended complaint if she wishes to pursue her claims in this court in this action.  Accordingly, it is

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on January 19, 2010, is granted and the amended motions seeking leave to proceed pursuant to 28 U.S.C. § 1915 filed on February 10, 2010, are denied as moot.  It is

FURTHER ORDERED that Ms. Pyne file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that the clerk of the court mail to Ms. Pyne, together with a copy of this order, two copies of the following form: Complaint.  It is

FURTHER ORDERED that, if Ms. Pyne fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED February 12, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00155-BNB

Rachel Pyne
4390 E. Mississippi Pl.
Apt 201
Glendale, CO 80246


    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on **2/12/10**


GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk